## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **[1] SUE BENEDICT,**<br>**As Administrator of the Estate**<br>**of DAGNEY ELLIS BENEDICT,**<br>**a.k.a NEX BENEDICT,**<br>**a deceased minor**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**[1] INDEPENDENT SCHOOL**<br>**DISRICT NO. 11, a/k/a**<br>**OWASSO PUBLIC SCHOOLS**<br><br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 25-CV-00321-MTS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT OWASSO PUBLIC SCHOOLS'
### PARTIAL MOTION TO DISMISS AND BRIEF IN SUPPORT

### ROSENSTEIN, FIST & RINGOLD

**Kent B. Rainey, OBA No. 14619**
**Alison A. Parker, OBA No. 20741**
**525 South Main, Suite 700**
**Tulsa, OK 74103**
**Telephone: (918) 585-9211**
**Facsimile: (918) 583-5617**
**borainey@rfrlaw.com**
**aparker@rfrlaw.com**

**Attorneys for Defendant Owasso Public Schools**

September 15, 2025

## TABLE OF CONTENTS

DEFENDANT OWASSO PUBLIC SCHOOLS'
PARTIAL MOTION TO DISMISS AND BRIEF IN SUPPORT

Table of Authorities .............................................................. ii

Defendant Owasso Public Schools'
Partial Motion to Dismiss and Brief in Support ............................................. 1

Argument and Authorities................................................................... 1

Legal Standard ............................................................................... 1

       *Proposition: Plaintiff's Claims Under 42 U.S.C. § 1983
       Should be Dismissed* ........................................ 2

          A. Plaintiff Cannot Establish a Municipal Policy or
            Custom........................................................................2

          B. Plaintiff's Substantive Due Process Claim Should be
            Dismissed...............................................................6

               1. Plaintiff Has Failed to Assert an Affirmative
                  Act Sufficient to Pursue the Danger Creation
                  Theory............................................................9

               2. Plaintiff Has Failed to Assert Conduct that is
                  Conscience Shocking......................................12

          C. Plaintiff's Equal Protection Claim Should be
            Dismissed……………………………………………...13

Conclusion ................................................................. 17

# TABLE OF AUTHORITIES

## Cases

*Armijo v. Wagon Mound Pub. Sch.,*
159 F.3d 1253 (10th Cir. 1998) ................................................................. 7

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ......................................................................... 2, 13

*Bell v. Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ..................................................................... 1, 2, 10

*Bixler v. Foster,*
596 F.3d 751 (10th Cir. 2010) ................................................................. 4

*Brown v. Commonwealth of Pennsylvania,*
*Dept. of Health Emergency Medical Services Training Institute,*
318 F.3d 473 (3rd Cir. 2003) ................................................................. 8

*Christiansen v. City of Tulsa,*
332 F.3d 1270 (10th Cir. 2003) ................................................................. 8

*County of Sacramento v. Lewis,*
523 U.S. 833 (1998) ......................................................................... 9

*Currier v. Doran,*
242 F.3d 905 (10th Cir. 2001) ................................................................. 7

*DeShaney v. Winnebago Cnty. Dept of Social Servs.,*
489 U.S. 189 (1989) ....................................................................... 7, 9

*Erickson v. Pardus,*
551 U.S. 89 (2007) ......................................................................... 11

*Estate of B.I.C. v. Gillen,*
710 F.3d 1168 (10th Cir. 2013) ............................................................. 12

*Fitzgerald v. Barnstable School Comm.,*
555 U.S. 246 (2009) ......................................................................... 4

*Gonzales v. City of Castle Rock,*
307 F.3d 1258 (10th Cir. 2002) ............................................................... 8

*Graham v. Indep. Sch. Dist. No. 1-89,*
22 F.3d 991 (10th Cir. 1994) ................................................................. 11

*Gray v. Univ. of Colo. Hosp. Auth.,*
672 F.3d 909 (10th Cir. 2012) ............................................................... 11

*Grubs v. Bailes,*
445 F.3d 1275 (10th Cir. 2006) ............................................................. 15

*Hernandez v. Ridley,*
734 F.3d 1254 (10th Cir. 2013) ..................................................... 7, 11-12

*Jennings v. City of Stillwater,*
383 F.3d 1199 (10th Cir. 2004) ......................................................... 15-16

*Jicarilla Apache Nation v. Rio Arriba Cnty.,*
440 F.3d 1202 (10th Cir. 2006) ............................................................. 15

*Kansas Penn Gaming, LLC v. Collins,*
656 F.3d 1210 (10th Cir. 2011) ............................................................. 10

*Kerns v. Indep. Sch. Dist. No. 31 of Ottawa Cnty.,*
984 F. Supp. 2d 1144 (N.D. Okla. 2013) ................................................. 8

*Khalik v. United Air Lines,*
671 F.3d 1188 (10th Cir. 2012) .................................................... 4, 11, 16

*KT & G Corp. v. Attorney General of State of Okla.,*
535 F.3d 1114 (10th Cir. 2008) ............................................................. 13

*Lakeside Builders, Inc. v. Planning Bd. of the Town of Franklin,*
No. CIV.A. 00-12170-GAO, 2002 WL 31655250
(Mar. 21, 2002) ................................................................................... 16

*Marino v. Mayger,*
118 Fed. App'x 393 (10th Cir. 2004) ........................................................ 7

*McClelland v. Facteau,*
610 F.2d 693 (10th Cir. 1979) .................................................................... 9

*McDonald v. Wise,*
769 F.3d 1202 (10th Cir. 2014) ................................................................ 2

*Monell v. Department of Soc. Servs.,*
436 U.S. 658 (1978) .................................................................................. 3

*Moore v. Guthrie,*
438 F.3d 1036 (10th Cir. 2006) ........................................................... 7, 12

*Murrell v. School Dist. No. 1, Denver, Colo.,*
186 F.3d 1238 (10th Cir. 1999) ............................................................... 6

*Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,*
151 F.3d 1313 (10th Cir. 1998) ............................................................... 3

*Nordlinger v. Hahn,*
505 U.S. 1 (1992) .................................................................................... 13

*Parker v. Stryker Corp.,*
584 F. Supp. 2d 1298 (D. Colo. 2008) ..................................................... 2

*Penrod v. Zavaras,*
94 F.3d 1399 (10th Cir. 1996) ................................................................ 13

*Personnel Admin. of Mass. v. Feeney,*
442 U.S. 256 (1979) ................................................................................ 14

*Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.,*
511 F.3d 1114 (10th Cir. 2008) ............................................................... 3

*Ruiz v. McDonnell,*
299 F.3d 1173 (10th Cir. 2002) ............................................................. 11

*Ridge at Red Hawk, L.L.C. v. Schneider,*
493 F.3d 1174 (10th Cir. 1991) ............................................................... 2

*SECYS, LLC v. Vigil,*
666 F.3d 678 (10th Cir. 2012) ........................................................... 13-14

iv

*Storie v. Independent Sch. Dist. #13*,
834 F. Supp. 2d 1305 (E.D. Okla. 2011)........................................ 13, 15, 17

*Uhlrig v. Harder*,
64 F.3d 567 (10th Cir. 1995) ....................................................... 7

*Village of Willowbrook v. Olech*,
528 U.S. 562 (2000) ................................................................ 15

*Williams v. Berney*,
519 F.3d 1216 (10th Cir. 2008) ................................................ 12

## Constitutions and Statutes

42 U.S.C. § 1983 ................................................................ 1-2, 4

## Rules

Fed. R. Civ. P. 12(b)(6) ............................................................ 1

## DEFENDANT OWASSO PUBLIC SCHOOLS'
## PARTIAL MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant Independent School District No. 11 of Tulsa County, Oklahoma, commonly known as Owasso Public Schools ("School District"), moves to dismiss Plaintiff's claims asserted under 42 U.S.C. § 1983 pursuant to FED. R. CIV. P. 12(b)(6) because they fail to state a claim upon which relief can be granted.  In support of its motion, the School District shows the Court as follows:

## ARGUMENT AND AUTHORITIES

## LEGAL STANDARD

A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. The factual allegations within the complaint "must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

For a complaint to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 1991) (emphasis in original). Furthermore, a plaintiff's factual allegations "must raise a right to relief above the speculative level." *McDonald v. Wise*, 769 F.3d 1202, 1210 (10th Cir. 2014) (internal quotation and citation omitted). In other words, it is Plaintiff's duty to furnish factual "allegations plausibly suggesting (*not merely consistent with*)" an entitlement to relief. *Twombly*, 550 U.S. at 557 (emphasis added); *see also Parker v. Stryker Corp.*, 584 F. Supp. 2d 1298, 1299 (D. Colo. 2008) ("[L]egal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

**PROPOSITION**

**PLAINTIFF'S CLAIMS UNDER
42 U.S.C. § 1983 SHOULD BE DISMISSED**

**A. Plaintiff Cannot Establish a Municipal Policy or Custom.**

Plaintiff's Complaint contends that Nex Benedict's rights to due process and equal protection of the law were violated. *See* <u>Complaint</u> [Dkt. No. 2] at pp. 10-16. To impose liability on a municipality under Section 1983, a

2

plaintiff must prove: "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Oklahoma Cnty. Bd. of Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  For claims based on failure to receive, investigate, or act on complaints, a plaintiff must prove "(1) a continuing, widespread, and persistent pattern of misconduct by the state; (2) deliberate indifference to or tacit authorization of the conduct by policy-making officials after notice of the conduct; and (3) a resulting injury to the plaintiff." *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.,* 511 F.3d 1114, 1125 (10th Cir. 2008).

Plaintiff contends there was "a clearly established custom/practice of School District officials failing to properly investigate, report, and/or act upon allegations and evidence of sexual harassment, bullying, and abuse in Owasso Public Schools." Complaint [Dkt. No. 2] at ¶ 49.  Plaintiff bases her allegations regarding a custom or practice of the School District on a November 13, 2024 letter from the United States Department of Education Office for Civil Rights ("OCR").  *See* Complaint [Dkt. No. 2] at ¶¶ 38-44.  That letter and the associated determinations of OCR are the subject of a Motion to Strike, filed contemporaneously herewith.  OCR's findings were in regard to the School District's compliance with Title IX. S*ee id.*  Plaintiff is not

3

asserting a Title IX claim in this case.  References to deficiencies noted in an administrative determination reviewing compliance with the provisions of Title IX and its regulatory scheme, which contains specific procedural requirements, do not, per se, establish a violation of constitutional rights. *See, e.g. Fitzgerald v. Barnstable School Comm.*, 555 U.S. 246, 257-58 (2009) (noting that the standards for establishing liability under Title IX and a 42 U.S.C. § 1983 claim for violation of equal protection "may not be wholly congruent").

Furthermore, Plaintiff makes only a conclusory allegation that the alleged custom and/or practice of the School District "failing to properly investigate, report, and/or act upon allegations and evidence of sexual harassment, bullying and abuse on campus was known to School District policy makers, including building principals and Owasso Public Schools's Title IX coordinator, superintendent, and board of education." *See* Complaint [Dkt. No. 2] at ¶ 50.  Allegations such as this one "are **not** entitled to the assumption of truth because they are entirely conclusory." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (emphasis added); *see also Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010).

Likewise, similarly conclusory allegations fail to include facts supporting knowledge by the board of education.  For example:

- Based on the established pattern of inconsistency in District responses to reports of sexual harassment, OCR determined that the District responded with deliberate indifference to some families' sexual harassment reports… *Id.* at ¶ 5.

- After NEX died, the School District received numerous additional reports about the harassment and bullying NEX had to endure at school, most of which confirmed that the abuse was based on NEX's sex / gender.  One report described the environment on campus as "a school environment and culture that promotes bullying and abuse especially when it comes to LGBTQ+ students."  Another report confirmed NEX's mother's repeated public pleas regarding the "anti-trans bullying" NEX was suffering.  *Id.* at ¶ 36.

- OCR also determined that, "Based on the ***established pattern of inconsistency in District responses to reports of sexual harassment***, … the [School] District responded with ***deliberate indifference*** to some families' sexual harassment reports…" *Id.* at ¶ 44.

- As evidenced by the "pattern" discovered during OCR's investigation, there was a clearly established custom/practice of School District officials failing to properly investigate, report, and/or act upon allegations and evidence of sexual harassment, bullying, and abuse in Owasso Public Schools.  *Id.* at ¶ 49.

These allegations do not establish that the board of education knew of and either approved or was deliberately indifferent to a policy or custom.  At most, Plaintiff's allegations evidence confusion and inconsistency in the way allegations of sexual harassment, bullying, and abuse were handled by the School District.  Plaintiff does not allege that the board of education or

5

anyone with final policymaking authority endorsed or ratified the alleged

policy or custom.

A custom, through a pattern of inaction, must come about by the school

district's governing body -- in this case, the school board -- or upon a showing

that the board unequivocally delegated its final decision-making authority to

a school official whose conduct caused the constitutional violation and turned

a blind eye. *See Murrell v. School Dist. No. 1, Denver, Colo.*, 186 F.3d 1238,

1249-50 (10th Cir. 1999). Plaintiff's only allegation regarding the board of

education is that one parent who was dissatisfied with a school-level

investigation spoke at a board of education meeting. *See* <u>Complaint</u> [Dkt. No.

2] at ¶ 43. Learning of a single instance of dissatisfaction is not enough to

establish a custom and/or practice of the School District, and Plaintiff's

claims under 42 U.S.C. § 1983 should be dismissed.

## B. Plaintiff's Substantive Due Process Claim Should be Dismissed.

Plaintiff seeks relief based on a purported violation of Nex's

substantive due process rights "to life, personal security, and bodily integrity,

as well as the right to be free from discrimination on the basis of sex."

<u>Complaint</u> [Dkt. No. 2] at ¶ 46. When considering injuries by private actors,

the United States Supreme Court there is "no affirmative right to

governmental aid, even where such aid may be necessary to secure life,

liberty, or property interests of which the government itself may not deprive

the individual." *DeShaney v. Winnebago Cnty. Dept. of Social Servs.*, 489 U.S. 189, 196 (1989). Generally, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id.* at 197. The Tenth Circuit has recognized two exceptions, however, to this general rule: (1) the "special relationship doctrine;" and (2) the "danger creation" theory. *Uhlrig v. Harder*, 64 F.3d 567, 572 (10th Cir. 1995). Plaintiff asserts a claim only under the danger creation theory. Complaint [Dkt. No. 2] at ¶¶ 60-61.

"Under the danger creation theory, state officials can be liable for the acts of third parties where those officials 'created the danger' that caused the harm." *Marino v. Mayger*, 118 Fed. App'x 393, 401 (10th Cir. 2004) (quoting *Armijo v. Wagon Mound Pub. Sch.*, 159 F.3d 1253, 1260 (10th Cir. 1998)). This "narrow exception" "applies only when a state actor 'affirmatively acts to create, or increases a plaintiff's vulnerability to, danger from private violence.'" *Moore v. Guthrie*, 438 F.3d 1036, 1042 (10th Cir. 2006) (quoting *Currier v. Doran*, 242 F.3d 905, 923 (10th Cir. 2001)). As a threshold matter, Plaintiff must establish "(1) private violence, and (2) affirmative conduct on the part of the state in placing the plaintiff in danger." *Hernandez v. Ridley*, 734 F.3d 1254, 1259 (10th Cir. 2013).

If able to satisfy the threshold requirements, a six-part test must be satisfied:

> (1) charged state entity and the charged individual actors
> created the danger or increased plaintiff's vulnerability to the
> danger in some way; (2) plaintiff was a member of a limited
> and specifically definable group; (3) defendants' conduct put
> plaintiff at substantial risk of serious, immediate, and
> proximate harm; (4) the risk was obvious or known; (5)
> defendants acted recklessly in conscious disregard of that risk;
> and (6) such conduct, when viewed in total, is conscience
> shocking.

*Christiansen v. City of Tulsa*, 332 F.3d 1270, 1281 (10th Cir. 2003) (quoting

*Gonzales v. City of Castle Rock*, 307 F.3d 1258, 1263 (10th Cir. 2002)).

Whether conduct shocks the conscience is a question of law for the Court. *See,*

*e.g., Kerns v. Indep. Sch. Dist. No. 31 of Ottawa Cnty.*, 984 F. Supp. 2d 1144,

1151 (N.D. Okla. 2013) (collecting cases).

Mere negligence is insufficient to shock the conscience and give rise to

a substantive due process violation. In *Brown v. Commonwealth of*

*Pennsylvania, Dept. of Health Emergency Medical Services Training Institute*,

318 F.3d 473, 477-78 (3rd Cir. 2003), the Third Circuit noted that the due

process clause does not turn alleged acts of negligence into federal torts:

> The Supreme Court has repeatedly stated that "the Due Process
> Clause of the Fourteenth Amendment ... does not transform every
> tort committed by a state actor into a constitutional violation."
> Although state tort law might provide a remedy for a state's
> negligent rescue attempt, it neither logically nor legally follows
> that federal constitutional law must do the same. *See Berg v.*
> *County of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000) ("Section
> 1983 is not a source of substantive rights and does not provide
> redress for common law torts - the plaintiff must allege a
> violation of a federal right.") (internal citation omitted).

8

Liability under the Due Process Clause may not be based on negligent action by a defendant. *See County of Sacramento v. Lewis*, 523 U.S. 833, 848-49 (1998) ("liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"); *DeShaney*, 489 U.S. at 202 (the Due Process Clause "does not transform every tort committed by a state actor into a constitutional violation"). Furthermore, in order to establish deliberate indifference, plaintiffs generally "must show that the defendant was adequately put on notice of prior misbehavior." *McClelland v. Facteau*, 610 F.2d 693, 697 (10th Cir. 1979).

### 1. Plaintiff Has Failed to Assert an Affirmative Act Sufficient to Pursue the Danger Creation Theory.

Here, Plaintiff's allegations focus on failures of the School District. Specifically, Plaintiff alleges that the School District violated Nex's rights by failing to enact policies or enacting inadequate policies; failing to properly investigate, report, and/or act upon allegations and evidence of sexual harassment; failing to abate known, ongoing harassment and abuse; and failing to properly train School District employees. Complaint [Dkt. No. 2] at ¶¶48-55. As to Nex, the Complaint alleges:

> The School District's deficient training policies regarding how to respond to allegations and evidence of sexual harassment, bullying and abuse directly caused NEX to suffer physical, mental, and emotional abuse, depriving NEX of their rights under the Due Process and Equal Protection Clauses. School District employees – acting under that deficient training – failed

to report open and obvious evidence of NEX's sexual harassment and abuse to School District officials, NEX's parent[s], or law enforcement; failed to investigate when NEX, NEX's mother, or others reported such harassment and abuse; downplayed and discounted the severity of NEX's and others reports of such harassment and abuse; and failed to take any action to abate the known, ongoing harassment and abuse NEX was suffering.  Each of these failures perpetuated NEX BENEDICT's abuse and the damages suffered as a result.

Complaint [Dkt. No. 2] at ¶ 56.  In regard to an affirmative action, the Complaint simply states, "Defendant also affirmatively acted to create and/or increase NEX BENEDICT's exposure and vulnerability to, and/or danger from, the bullying, sexual harassment, and abuse." *Id.* at ¶ 57.  This allegation is conclusory and without supporting facts.  *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) ("[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." (quoting *Twombly*, 550 U.S. at 555)).  Later in the Complaint, Plaintiff alleges the School District created danger by "rounding up the gender nonconforming students and affirmatively placing them in a small, isolated classroom with their abusers and allowing the abusers unfettered, unsupervised access to these students in compromising areas like the school bathrooms…."  *Id.* at ¶ 60.  There are no facts supporting a "rounding up" of gender nonconforming students to affirmatively place those in danger.

10

Rather, Nex was placed in in-school detention with other students.  *Id.*  at ¶ 26.  Furthermore, Nex told law enforcement that Nex did not report any bullying or harassment while in in-school detention, and Nex did not know the girls involved in the fight and had never seen the girls before.  *See* Body Cam footage of police interview, February 7, 2024, available at https://www.youtube.com/watch?v=eJaBumoyRGg. "While '[s]pecific facts are not necessary,' some facts are." *Khalik*, 671 F.3d at 1193 (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  Plaintiff has not alleged enough to satisfy the threshold requirements of the danger creation theory.

A danger creation claim requires an "affirmative act" or "affirmative conduct" by the state official.  *See, e.g., Graham v. Indep. Sch. Dist. No. 1-89*, 22 F.3d 991, 995 (10th Cir. 1994) (affirming dismissal of danger creation claims and finding that "defendants' 'affirmative actions' neither created nor increased the danger to the victims"); *Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 915-22 (10th Cir. 2012) (discussing the Tenth Circuit's holdings related to this requirement).  "Affirmative conduct for the purposes of § 1983 should typically involve conduct that imposes an immediate threat of harm, which by its nature has a limited range and duration.  Moreover, the conduct should be directed at a discrete plaintiff rather than at the public at large." *Ruiz v. McDonnell*, 299 F.3d 1173, 1183 (10th Cir. 2002) (internal quotations and citations omitted).  "Inaction by the state is insufficient." *Hernandez*,

734 F.3d at 1259 (citing *Estate of B.I.C. v. Gillen*, 710 F.3d 1168, 1173 (10th Cir. 2013)).

Here, Plaintiff has failed to allege any affirmative conduct by the School District that imposed an immediate threat of harm with a limited range and direction that was directed at Nex. The placement of Nex in in-school detention was a routine disciplinary action that was not unique to Nex, *see* Complaint [Dkt. No. 2] at ¶ 26, and was not intended to impose an immediate threat of harm to Nex. Furthermore, any decision to allow the students serving in-school detention to access the restrooms was not directed at Nex.

### 2. Plaintiff Has Failed to Assert Conduct that is Conscience Shocking.

As noted above, Plaintiff's allegations are rooted in the School District's alleged failures. "The ultimate standard for determining whether there has been a substantive due process violation is whether the challenged government action shocks the conscience of federal judges." *Hernandez*, 734 F.3d at 1261 (quoting *Moore v. Guthrie*, 438 F.3d 1036, 1040 (10th Cir. 2006)). The conduct must be egregious and outrageous to satisfy this standard. *Id.* (citing *Williams v. Berney*, 519 F.3d 1216, 1220 (10th Cir. 2008)). Plaintiff's Complaint merely states, "Owasso Public Schools's conduct shocks the conscience." Complaint [Dkt. No. 2] at ¶ 65. This is conclusory

and is not supported by factual allegations.  Pleadings that do not allow for at least a "reasonable inference" of the legally relevant facts are insufficient. *Iqbal*, 556 U.S. at 678.  The litany of alleged failures set forth in Plaintiff's Complaint sounds in negligence and refers to potential errors in processes and procedures and confusion of the School District but does not contain allegations of behavior that is "conscience shocking" sufficient for the establishment of a due process violation.

### C. Plaintiff's Equal Protection Claim Should be Dismissed.

Generally, "[a]n equal protection violation occurs when the government treats someone differently than another who is similarly situated." *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). "The Equal Protection Clause does not forbid classifications.  It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *see also Storie v. Independent Sch. Dist., #13*, 834 F. Supp. 2d 1305, 1309 (E.D. Okla. 2011) ("[T]he Constitution's Equal Protection clause is implicated 'when the state treats two groups, or individuals, differently.'" (quoting *KT & G Corp. v. Attorney General of State of Okla.*, 535 F.3d 1114, 1136 (10th Cir. 2008)).

Courts first examine whether the challenged action intentionally discriminates.  *SECYS, LLC v. Vigil*, 666 F.3d 678, 685 (10th Cir. 2012). Discriminatory intent requires "that the decisionmaker…selected or

13

reaffirmed a particular course of action at least in part 'because of' not merely 'in spite of'" the differential treatment.  *Id.* (quoting *Personnel Admin. of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)).  "[A]fter an act of intentional discrimination against a particular group is identified either by presumption or evidence and inference, courts ask whether the state's intentional decision to discriminate can be justified by reference to some upright government purpose."  *Id.* at 686.

Here, Plaintiff has filed to identify a protected class and has failed to allege facts demonstrating that any alleged protected class was treated differently.  Plaintiff alleges that Nex was deprived of their right to Equal Protection of the law "because Owasso Public Schools's deliberately indifferent response to the known sexual harassment of NEX BENEDICT was because of NEX BENEDICT's gender."  <u>Complaint</u> [Dkt. No. 2] at ¶ 67.  Plaintiff's claim is not based on Nex's gender as contemplated in equal protection case law as male or female.  Instead, Plaintiff's claim is based on Nex's alleged status as gender-nonconforming.  *See* <u>Complaint</u> [Dkt. No. 2] at ¶ 67 ("Nevertheless, as it did on other occasions uncovered during the OCR's investigation, Owasso Public Schools downplayed and ignored these reports, evidencing a clear distinction in the way it treated allegations and evidence of sexual harassment to gender-nonconforming students like NEX BENEDICT versus other students.").  Plaintiff's Complaint speaks of the treatment of

14

gender-nonconforming students but does not contain any factual allegations establishing that gender-nonconforming students were treated any differently than other students.  As such, Plaintiff's equal protection claim must fail.

In the alternative, Plaintiff may be asserting an equal protection claim on a "class of one" theory. *Village of Willowbrook v. Olech*, 528 U.S. 562, 563-65 (2000).  To succeed on such a claim, the Tenth Circuit has required a plaintiff to establish that he was intentionally treated differently from those similarly situated. *See Grubs v. Bailes*, 445 F.3d 1275, 1282 (10th Cir. 2006). The Tenth Circuit has also required a plaintiff establish that "the official action was objectively irrational and abusive." *Jicarilla Apache Nation v. Rio Arriba Cnty.*, 440 F.3d 1202, 1211 (10th Cir. 2006) (emphasis omitted).  The Tenth Circuit has noted that a "multiplicity of relevant (nondiscriminatory) variables requires plaintiff to provide compelling evidence of other similarly situated persons who were in fact treated differently." *Jennings v. City of Stillwater*, 383 F.3d 1199, 1215 (10th Cir. 2004) (citation omitted).  Moreover, the claim must "allege some level of animosity or ill will." *Storie*, 834 F. Supp. 2d at 1309-10 (internal quotations and citations omitted).

Plaintiff makes no factual allegations demonstrating that Nex was treated differently from those who were similarly situated.  Courts have noted the difficulty in cases involving students in an educational setting.  The

15

Tenth Circuit in *Jennings* called attention to this language from the District of Massachusetts:

> It might be suggested that all applicants should be considered "similarly situated" simply because they had all made requests for waivers of the dead-end street length regulation. But that is so broad a definition of "similarly situated" that it is not useful for equal protection analysis; it could be applied to any group of applicants where, looking back, one could see that there had been some who succeeded and some who failed. For example, high school students whose applications to a particular college were rejected could allege they were being treated differently from the "similarly situated" fellow students whose applications were accepted. In the example, one would want to know a good deal more about the merits of individual applicants before deciding who was similarly situated to whom.

*Jennings*, 383 F.3d at 1214 (quoting *Lakeside Builders, Inc. v. Planning Bd. of the Town of Franklin*, No. CIV.A. 00-12170-GAO, 2002 WL 31655250, at *3 (Mar. 21, 2002) (emphasis omitted)). In light of this, Plaintiff's general equal protection claim fails to meet the heavy burden required in a "class of one" equal protection claim. Plaintiff's Complaint contains no allegations that Nex was treated any differently than similarly situated individuals.

Additionally, although Plaintiff contends that the School District acted with deliberate indifference and downplayed and ignored reports of sexual harassment, the Complaint contains no factual support suggesting the School District acted with animosity or ill-will toward Nex. Although "Plaintiff is not required to set forth a prima facie case for each element, she is required to set forth plausible claims." *Khalik*, 671 F.3d at 1193. Plaintiff's Complaint

16

fails to sufficiently satisfy the intent requirement necessary for an equal protection violation by the School District.  *See Storie*, 834 F. Supp. 2d at 1309-10.  Thus, Plaintiff's equal protection claim should be dismissed.

### CONCLUSION

Based on the foregoing, the School District respectfully requests that this Court dismiss Plaintiff's claims arising under 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted.

**Respectfully submitted**,

**ROSENSTEIN, FIST & RINGOLD**

**By:**  *s/ Kent B. Rainey*
**Kent B. Rainey, OBA No. 14619**
**Alison A. Parker, OBA No. 20741**
**525 South Main, Suite 700**
**Tulsa, OK  74103**
**Telephone: (918) 585-9211**
**Facsimile: (918) 583-5617**
**borainey@rfrlaw.com**
**aparker@rfrlaw.com**

***Attorneys for Defendant***

17

## CERTIFICATE OF DELIVERY

☒    I hereby certify that on September 15, 2025, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants, to:

Bradley E. Beckworth
Bbeckworth@nixlaw.com

Ross Leonoudakis
Rossl@nixlaw.com

Nathan B. Hall
Nhall@nixlaw.com

Jacob Biby
Jacob@bibylaw.com

Attorneys for Plaintiff


*s/ Kent B. Rainey*
**Kent B. Rainey**