## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **[1] SUE BENEDICT,**<br>    **As Administrator of the Estate**<br>    **of DAGNEY ELLIS BENEDICT,**<br>    **a.k.a NEX BENEDICT,**<br>    **a deceased minor** | )<br>)<br>)<br>)<br>)<br>) |
|       **Plaintiff,** | )<br>) |
| **v.** | ) **Case No. 25-CV-00321-MTS**<br>) |
| **[1] INDEPENDENT SCHOOL**<br>    **DISRICT NO. 11, a/k/a**<br>    **OWASSO PUBLIC SCHOOLS** | )<br>)<br>)<br>)<br>) |
|       **Defendant.** | ) |

## ANSWER OF OWASSO PUBLIC SCHOOLS

Defendant Independent School District No. 11 of Tulsa County, Oklahoma, commonly known as Owasso Public Schools ("School District"), for its answer to Plaintiff's Complaint, alleges and states as follows:

1.      The School District denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      The School District denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      The School District denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      The School District admits that Nex Benedict committed suicide on February 8, 2024, and was 16 years old at the time.  The School District denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      The School District does not answer paragraph 5 of Plaintiff's Complaint as this paragraph is subject to a Motion to Strike.

6.      The School District denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      The School District is without sufficient information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      The School District is without sufficient information to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      The School District admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     The School District admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     The School District admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     The School District admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.    The School District admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.    The School District admits that Nex Benedict died on February 8, 2024, and Plaintiff's Complaint states what it states. The School District denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.    The School District denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.    The School District denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.    The School District denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.    The School District denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.    The School District denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.    The School District is without sufficient information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.    The School District denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     The School District denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     The School District denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     The School District denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     The School District denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     The School District admits that Nex was placed in in-school detention during the week including February 7, 2024, and admits that other students were also present in in-school detention.  The School District denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     The School District admits that it has processes and procedures in place to maintain the safety of the students during in-school detention. The School District denies the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     The School District is without sufficient information to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     The School District admits that there was a fight between Nex and other students in a high school bathroom on February 7, 2024.  The

School District denies the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.    The School District admits that school personnel responded to the incident and contacted Nex's mother.  The School District denies the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.    The School District is without sufficient information to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.    The School District is without sufficient information to admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.    The School District is without sufficient information to admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.    The School District is without sufficient information to admit or deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.    In response to Paragraph 35 of Plaintiff's Complaint, the School District admits that police records and the autopsy report of the Chief Medical Examiner of Tulsa state what they state.

36.    The School District admits that reports were received after Nex's death and admits that those reports state what they state.  The School District denies the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.    The School District denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.    In response to Paragraph 38 of Plaintiff's Complaint, the School District admits that on February 21, 2024, the Washington D.C. based Human Rights Campaign requested that OCR investigate the incidents leading to the Death of Nex Benedict.  This complaint was based on "available information" and addressed "Oklahoma ha[ving] considered more than 85 anti-LGBTQ+ pieces of legislation since 2015, passing seven into law. This gives it the dubious distinction of being one of the nation's top five promulgators of anti-LGBTQ+ discrimination, following Texas, Missouri, Tennessee, and Iowa."  The School District denies all remaining allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.    The School District does not answer Paragraph 39 of Plaintiff's Complaint as this paragraph is subject to a Motion to Strike.

40.    The School District does not answer Paragraph 40 of Plaintiff's Complaint as this paragraph is subject to a Motion to Strike.

41.    The School District does not answer Paragraph 41 of Plaintiff's Complaint as this paragraph is subject to a Motion to Strike.

42.    The School District does not answer Paragraph 42 of Plaintiff's Complaint as this paragraph is subject to a Motion to Strike.

43.     The School District does not answer Paragraph 43 of Plaintiff's Complaint as this paragraph is subject to a Motion to Strike.

44.     The School District does not answer Paragraph 44 of Plaintiff's Complaint as this paragraph is subject to a Motion to Strike.

45.     The School District denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     The School District denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     The School District denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     In response to Paragraph 48 of Plaintiff's Complaint, the School District does not answer because it calls for legal conclusions.  To the extent an answer is deemed necessary, the School District denies that Nex was the subject of bullying at school.

49.     In response to Paragraph 44[sic] of Plaintiff's Complaint, the School District reasserts its answers to Paragraphs 1-48 of the Plaintiff's Complaint as though again fully set forth.

50.     The School District does not answer Paragraph 45[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

51.     The School District does not answer Paragraph 46[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

52.     The School District does not answer Paragraph 47[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

53.     The School District does not answer Paragraph 48[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

54.     The School District does not answer Paragraph 49[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

55.     The School District does not answer Paragraph 50[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

56.     The School District does not answer Paragraph 51[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

57.     The School District does not answer Paragraph 52[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

58.     The School District does not answer Paragraph 53[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

59.     The School District does not answer Paragraph 54[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

60.     The School District does not answer Paragraph 55[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

61.     The School District does not answer Paragraph 56[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

62.    The School District does not answer Paragraph 57[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

63.    The School District does not answer Paragraph 58[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

64.    The School District does not answer Paragraph 59[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

65.    The School District does not answer Paragraph 60[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

66.    The School District does not answer Paragraph 61[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

67.    The School District does not answer Paragraph 62[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

68.    The School District does not answer Paragraph 63[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

69.    The School District does not answer Paragraph 64[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

70.    The School District does not answer Paragraph 65[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

71.    The School District does not answer Paragraph 66[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

72.    The School District does not answer Paragraph 67[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

73.    The School District does not answer Paragraph 68[sic] of Plaintiff's Complaint as this paragraph is subject to a Motion to Dismiss.

74.    In response to Paragraph 69[sic] of Plaintiff's Complaint, the School District reasserts its answers to Paragraphs 1-68[sic] of the Plaintiff's Complaint as though again fully set forth.

75.    In response to Paragraph 70[sic] of Plaintiff's Complaint, the School District does not answer because it calls for a legal conclusion.

76.    In response to Paragraph 71[sic] of Plaintiff's Complaint, the School District does not answer because it calls for a legal conclusion.

77.    In response to Paragraph 72[sic] of Plaintiff's Complaint, the School District does not answer because it calls for a legal conclusion.

78.    In response to Paragraph 73[sic] of Plaintiff's Complaint, the School District does not answer because it calls for a legal conclusion.

79.    The School District denies the allegations contained in Paragraph 74[sic] of Plaintiff's Complaint.

80.    The School District denies the allegations contained in Paragraph 75[sic] of Plaintiff's Complaint.

81.    The School District denies the allegations contained in Paragraph 76[sic] of Plaintiff's Complaint.

82.     The School District admits the allegations contained in Paragraph 77[sic] of Plaintiff's Complaint.

83.     The School District denies Plaintiff's entitlement to any and all damages sought in her Prayer for Relief.

84.     The School District denies any and all other allegations contained in Plaintiff's Petition not heretofore fully addressed.

## Affirmative Defenses

85.     The School District asserts Plaintiff's Complaint fails to state a claim upon which relief can be granted as to each of Plaintiff's claims against the School District.

86.     Plaintiff has failed to establish and identify any School District employee who was deliberately indifferent toward Nex's rights or that the School District was on actual notice of Nex's complaints.

87.     Plaintiff has failed to establish that any conduct by the School District rises to a level sufficient to "shock the conscience."

88.     The actions of the School District were reasonable and appropriate in light of the information and circumstances available.

89.     The School District cannot be held liable under 42 U.S.C. § 1983 for actions that are negligent.

90.     The School District cannot be held liable under 42 U.S.C. § 1983 on the theory of respondeat superior.

91.     The School District cannot be held liable under 42 U.S.C. § 1983 as there was no custom, policy, or practice that caused the alleged constitutional injury to Nex.

92.     The School District has not breached any duty owed to Nex.

93.     Plaintiff has failed to establish that any alleged failure by the School District to properly investigate allegations and evidence of sexual harassment, bullying, and abuse caused the alleged constitutional injury to Nex.

94.     Plaintiff has failed to establish that any alleged failure by the School District to properly report allegations and evidence of sexual harassment, bullying, and abuse caused the alleged constitutional injury to Nex.

95.     Plaintiff has failed to establish that any alleged failure by the School District to properly act upon allegations and evidence of sexual harassment, bullying, and abuse caused the alleged constitutional injury to Nex.

96.     Plaintiff has failed to establish that any alleged failure to properly train the School District's employees regarding how to report,

investigate, and address alleged and/or suspected sexual harassment, bullying, and abuse caused the alleged constitutional injury to Nex.

97.    Plaintiff has failed to establish any affirmative act on the part of the School District that created the danger to Nex.

98.    Plaintiff has filed to establish that the School District acted recklessly in conscious disregard of the risk.

99.    Plaintiff has not alleged that Nex was a member of a protected class.

100.    The School District's acts or omissions were not the proximate cause of Nex's injuries.

101.    The School District asserts that Plaintiff, the executor of the estate of Nex Bendict, is required to aggregate in her claim "all losses of all persons which are derivative of the death" of Nex Benedict.  *See* OKLA. STAT. tit. 51, § 152(5)(c).

102.    The School District asserts Plaintiff's state law claims are subject to the damage limitations and exclusions contained in OKLA. STAT. tit. 51, § 154.

103.    The School District asserts Plaintiff's state law claim are barred by one or more of the exemptions contained in OKLA. STAT. tit. 51, § 155 and the School District enjoys sovereign immunity regarding the same.

104.    The School District asserts that Nex Benedict was contributorily negligent by initiating the fight in the bathroom on February 7, 2024.

105.    The School District asserts that the events occurring at Owasso Public Schools were not the proximate cause of Nex Benedict injuries and resulting death.

106.    The School District asserts the right to add additional affirmative defenses as they become known through the time of trial and with the Court's approval.

WHEREFORE, having fully answered Plaintiff's Complaint to the extent it is not subject to a Partial Motion to Dismiss and a Motion to Strike, the School District requests (a) that judgment be rendered in its favor and against Plaintiff as to Plaintiff's claims; (b) that Plaintiff take nothing by way of her Complaint; and (c) that the School District be awarded its reasonable attorney's fees and costs incurred in the defense of this action and such other relief as the Court deems just and proper.

Respectfully submitted,

**ROSENSTEIN, FIST & RINGOLD**

**By:**    *s/ Kent B. Rainey*
**Kent B. Rainey, OBA No. 14619**
**Alison A. Parker, OBA No. 20741**
**525 South Main, Suite 700**
**Tulsa, OK  74103**
**Telephone: (918) 585-9211**
**Facsimile: (918) 583-5617**
**borainey@rfrlaw.com**
**aparker@rfrlaw.com**

***Attorneys for Defendant***

## CERTIFICATE OF DELIVERY

⊠ I hereby certify that on September 15, 2025, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants, to:

Bradley E. Beckworth
Bbeckworth@nixlaw.com

Ross Leonoudakis
Rossl@nixlaw.com

Nathan B. Hall
Nhall@nixlaw.com

Jacob Biby
Jacob@bibylaw.com

Attorneys for Plaintiff


*s/ Kent B. Rainey*
**Kent B. Rainey**