UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUE BENEDICT, as Administrator of the Estate of DAGNEY ELLIS BENEDICT, a.k.a. NEX BENEDICT, a deceased minor,<br><br>    Plaintiff,<br><br>vs.<br><br>INDEPENDENT SCHOOL DISTRICT NO. 11, a.k.a. OWASSO PUBLIC SCHOOLS,<br><br>    Defendant. | Case No.: 4:25-cv-00321-SEH-MTS<br><br>**JOINT STATUS REPORT**<br>**(FOR CASES WITH A PRESIDING DISTRICT JUDGE)** |

**Jury Demanded**:   Yes ☒   No ☐

**I.   Summary of Claims**:

Plaintiff has brought claims under 42 U.S.C. § 1983 and under Oklahoma state law for the deprivation of constitutional rights and wrongful death of Nex Benedict – a former student in Defendant's school district. Nex suffered severe, relentless harassment and abuse while attending Owasso Public Schools. Nex, Plaintiff, and others reported this abuse to the School District, but the School District failed to investigate, rectify, or otherwise properly address the abuse. Eventually, after the abuse resulted in a beating that rendered Nex unconscious, the constant bullying and harassment from Nex's classmates and the indifference from the School District became too much and, on February 8, 2024, Nex committed suicide. Plaintiff's claims seek redress for the School District's deliberate indifference to Nex's suffering and the role it played in Nex's tragic, untimely death.

  A.  Claims to be Dismissed:  None

**II.   Summary of Defenses**:

Defendant Independent School District No. 11 of Tulsa County, Oklahoma, commonly known as Owasso Public Schools ("School District") denies that it is liable for the events alleged in Plaintiff's Complaint, denies it breached any duties to Nex Benedict, and denies that it is liable to Plaintiff under any legal theory.  The School District asserts that the events occurring at Owasso Public Schools were not the proximate cause of Nex Benedict's injuries and resulting death.

The School District further asserts that Plaintiff has failed to state a claim upon which relief can be granted.  Additionally, Plaintiff has failed to establish and identify any School District employee who was deliberately indifferent toward Nex Benedict's rights, has failed to establish and identify

any School District employee who was on actual notice of Nex Benedict's complaints, and has failed to establish that any conduct by the School District rises to a level sufficient to "shock the conscience." The actions of the School District were reasonable and appropriate in light of the information and circumstances available. The School District cannot be held liable under 42 U.S.C. § 1983 for actions that are negligent or on the theory of respondeat superior. Further, the School District cannot be held liable under 42 U.S.C. § 1983 because there was no custom, policy, or practice that caused the alleged injury to Nex Benedict. Plaintiff has failed to establish that any alleged failure by the School District to properly investigate, report, or act on allegations and evidence of sexual harassment, bullying, and abuse caused the constitutional injury to Nex Benedict. Plaintiff has failed to establish that any alleged failure to properly train School District employees caused the alleged constitutional injury to Nex Benedict. Plaintiff has failed to establish that any affirmative act on the part of the School District created the danger to Nex Benedict. The School District did not act recklessly in conscious disregard of the risk. Plaintiff has not alleged Nex Benedict was a member of a protected class. Acts or omissions by the School District were not the proximate cause of Nex Benedict's injuries. Nex Benedict was contributorily negligent by initiating the fight in the bathroom on February 7, 2024. Additional affirmative defenses and denials are contained in the School District's Answer to Plaintiff's Complaint [Dkt. No. 16].

    A.  Defenses to be Abandoned:  None

**III.**    **Motions Pending** (Include Docket Number, Description and Date at Issue)**:**

Dkt. No. 14 – Defendant's Partial Motion to Dismiss (filed 9/15/25; Plaintiff responded on 10/14/25;

    Reply due 10/28/25)

Dkt. No. 15 – Defendant's Motion to Strike Portions of Plaintiff's Complaint (filed 9/15/25; Plaintiff

    responded on 10/14/25; Reply due 10/28/25)

**IV.**    **Stipulations:**

    A.  Jurisdiction Admitted:  Yes ☒   No ☐  (If no, explain.)

    B.  Venue Appropriate:  Yes ☒   No ☐  (If no, explain.)

    C.  Facts:

The altercation in the school bathroom involving Nex and other students described in ¶ 29 of Plaintiff's Complaint occurred on February 7, 2024.

Nex Benedict died on February 8, 2024.

Plaintiff Sue Benedict is the Administrator of Nex's estate.

D. Law:

As the Administrator of Nex's estate, Plaintiff has standing to bring the claims alleged in this matter.

Defendant, as a governmental entity organized under the laws of Oklahoma, was acting "under color of state law" for purposes of Plaintiff's claims under 42 U.S.C. § 1983.

For purposes of Plaintiff's state-law claims, Defendant is a "political subdivision" as defined in the Oklahoma Governmental Tort Claims Act, 51 OKLA. STAT. § 152(11)(b).

V. **Proposed Deadlines:**

A. Parties to be Added by:  January 30, 2026

B. Proposed Discovery Cutoff Date: June 26, 2026

The Parties request this deadline in acknowledgement of the intervening holiday season and winter break for schools, which will affect the discovery process.

C. Fact Witness Lists to be Exchanged by:  April 17, 2026

D. Proposed Date for Expert Reports by Plaintiff and Defendant:

Expert Identification and Reports – May 1, 2026

Rebuttal Expert Identification and Reports – May 22, 2026

VI. **Fed. R. Civ. P. 26(f) Discovery Plan**

A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?
Yes ☐  (If yes, explain.)
No ☒

B. When were or will initial disclosures under Rule 26(a)(1) be made?

November 4, 2025

C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?
Yes ☐  (If yes, explain.)
No ☐
Disputed ☒

Plaintiff does not believe discovery should be limited at this time. Defendant submits that discovery on Plaintiff's federal *Monell* claims should be postponed until after the court rules on

        Defendant's Partial Motion to dismiss such claims. Per item XII below, the Parties wish to submit their positions on this issue at a scheduling conference.

    D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?
Yes ☐ (If yes, explain.)
No ☒

    E. Proposed Number of Fact and Expert Depositions:

        Each side will be permitted 1 deposition for each designated expert (with the expectation that each side will have likely no more than 2 total experts). Each side will propose deposition dates for their experts to occur within 21 days of the date their respective reports are served.

        Each side will be permitted 15 fact-witness depositions. This limit does not apply to depositions of records custodians taken for the purpose of authenticating/proving-up documents. Depositions of Defendant through a corporate representative shall count as one deposition toward the 15-deposition limit, notwithstanding the number of designees/topics.

    F. Is there a need for any special discovery management order(s) by the Court?
Yes ☒ (If yes, explain.)
No ☐

        The Parties jointly request the entry of this Court's form Stipulated Discovery Protective Order (Form CV-29) to facilitate the discovery of confidential information.

    G. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

**VII. Anticipated Dispositive Motions?**
Yes ☒ (If yes, explain.)
No ☐

        Defendant anticipates filing a motion for summary judgment.

**VIII. Do all parties consent to trial before the assigned magistrate judge?**     Yes ☐     No ☒

If yes, please email a proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the magistrate judge is requested. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**IX. Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?** Yes ☐   No ☒

| | | |
|---|---|---|
| **X.** | **Settlement Plan** (Check one): | |

☐ Settlement Conference Requested After:
    Describe Settlement Judge Expertise Required, If Any:

☒ Private Mediation to be Scheduled On: shortly after the close of discovery

☐ Other ADR (Explain):

ADR Appropriate:
    Yes ☐
    No ☒

Copy of the Court's ADR Booklet Provided to Clients as Required?

    Plaintiffs:    Yes ☒    No ☐

    Defendants:    Yes ☒    No ☐

**XI.    Does this case warrant special case management?**
    Yes ☐ (If yes, explain.)
    No ☒

**XII.    Do the parties request that the Court hold a scheduling conference?    Yes ☒    No ☐**

**XIII.    Estimated Trial Time:**

    5-7 days

Attorneys for Plaintiff (Name, OBA #, Firm Name, Address, City, State, Zip, Phone, Fax, Email):

Bradley E. Beckworth, OBA No. 19982
Drew Pate, OBA No. 34600
Ross Leonoudakis, OBA No. 34570
Nathan B. Hall, OBA No. 32790
**NIX PATTERSON, LLP**
512 N. Broadway Ave., Suite 200
Oklahoma City, OK 73102
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
*bbeckworth@nixlaw.com*
*dpate@nixlaw.com*
*rossl@nixlaw.com*
*nhall@nixlaw.com*

Jacob Biby, OBA No. 22063
**BIBY LAW FIRM**
6305 E. 120th Ct., Ste. F
Tulsa, OK 74137
Telephone: (918) 574-8458
*Jacob@bibylaw.com*

Attorney for Defendant (Name, OBA #, Firm Name, Address, City, State, Zip, Phone, Fax, Email):

Kent B. Rainey, OBA No. 14619
Alison A. Parker, OBA No. 20741
525 South Main, Suite 700
Tulsa, OK 74103
Telephone: (918) 585-9211
Facsimile: (918) 583-5617
borainey@rfrlaw.com
aparker@rfrlaw.com

Respectfully submitted,

 /s/ Nathan B. Hall
Bradley E. Beckworth, OBA No. 19982
Ross Leonoudakis, OBA No. 34570
Nathan B. Hall, OBA No. 32790
NIX PATTERSON, LLP
8701 Bee Cave Road
Building 1, Suite 500
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335
*Bbeckworth@nixlaw.com*
*Rossl@nixlaw.com*
*Nhall@nixlaw.com*

Jacob Biby, OBA No. 22063
BIBY LAW FIRM
6305 E. 120th Ct., Ste. F
Tulsa, OK 74137
Telephone: (918) 574-8458
*Jacob@bibylaw.com*

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2025, a true and correct copy of the foregoing document was sent via CM/ECF Filing and Service Email to all counsel of record.

                                         */s/ Nathan B. Hall*