## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUE BENEDICT, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 25-CV-321-SEH-MTS |
| | ) |
| INDEPENDENT SCHOOL | ) |
| DISTRICT NO. 11, a/k/a OWASSO | ) |
| PUBLIC SCHOOLS, | ) |
| | ) |
|     **Defendant.** | ) |

## ORDER

Before the Court is the Plaintiff's First Motion to Compel Discovery and Motion to Strike Defendant's Objections and Brief in Support. (Docket No. 43). After considering the parties' briefing, arguments by counsel at the hearing, and the applicable caselaw, the Court hereby **GRANTS IN PART and DENIES IN PART** Plaintiff's motion.

## Background

Plaintiff Sue Benedict, as Administrator of the Estate of Nex Benedict ("Plaintiff"), filed suit against Defendant Owasso Public Schools (the "School District" or "District") on June 26, 2025. (Docket No. 2). Plaintiff alleges that while her daughter Nex Benedict ("Nex") was a student at the School District, she was subjected to harassment and bullying, which Plaintiff contends contributed to Nex's suicide. *Id.* at 1. Plaintiff asserts federal claims against the School District for violations of Nex's due process and equal protection rights under 42 U.S.C. § 1983 and a state law claim for wrongful death/negligence. *Id.* at 10-18. She seeks compensatory damages as well as other relief. *Id.* at 18. On September 15, 2025, the School District served its Answer to portions of Plaintiff's Complaint (Docket No. 16), while also filing a Partial Motion to

Dismiss (Docket No. 14) and a Motion to Strike Portions of Plaintiff's Complaint (Docket No. 15).

On March 24, 2026, Plaintiff filed her Motion to Compel requesting the Court to order the School District to respond to certain discovery requests. (Docket No. 43). On March 27, 2026, the Court issued a minute order seeking clarification as to which discovery responses were at issue.[1] (Docket No. 44). That same day, Plaintiff filed her Supplement to her First Motion to Compel Discovery and Motion to Strike Objections. (Docket No. 46). On April 1, 2026, the School District filed its Response to Plaintiff's Motion to Compel.[2] (Docket No. 47). This Court conducted a hearing on April 7, 2026. (Docket No. 48). As such, this matter is ripe for review.

**Discussion**

The Court makes the following rulings:

**Objection to Specific Definition No. 1.** Unbelievably, the parties are unable to agree upon the definitions of certain words. The Court hereby directs the parties to consult with the Merriam-Webster Twelfth Edition of the Collegiate Dictionary should they disagree on the definition of any words in the future.

**Objection to Instruction No. 7.** In the Court's view, Plaintiff is attempting to impose a requirement on the School District that is not contemplated by the Federal Rules of Civil Procedure. A party is not required to seek the permission of the opposing party to interpose an

---

[1] Plaintiff's motion is not without merit. However, the motion is drafted in such a manner that it is difficult to ascertain which discovery requests are at issue. In the future, Plaintiff should endeavor to provide the Court with a motion that is clear, concise, and to the point.

[2] The nature of the responses makes it difficult to determine what has been produced, thus impeding the Court's ability to effectively address Plaintiff's motion. Moving forward, the School District should only assert objections supported by Rule 26. The School District should refer to the Court's previous order (Docket No. 42) for guidance as to the appropriate use of objections.

objection.  The Court is at a loss why this "instruction" was included in Plaintiff's discovery requests, why the School District objected, and why this issue was made part of a motion to compel.

**Request for Production No. 1.**  The School District's objections are overruled.  The District shall produce the requested information.  All personal identifiers shall be redacted.

**Request for Production No. 2.**  The School District's objections are sustained in part.  To the extent not already produced, the School District shall produce all relevant policies and procedures in effect at the time of the incident.  The District is required to produce policies and procedures related to document preservation and retention.

**Request for Production No. 3.**  The School District's objections are sustained in part.  The District shall produce the student handbooks from Owasso High School for the following school years: 2022-2023, 2023-2024, and 2024-2025.

**Request for Production No. 5.**  The School District's objections are sustained in part.  The District shall produce the School Board's Agendas and Minutes for the following school years: 2022-2023, 2023-2024, and 2024-2025.  Should Plaintiff wish to review actual Board meetings, Plaintiff is directed to the YouTube link identified by the School District.

**Request for Production No. 6.**  The School District's objections are sustained in part.  The District shall produce all emails that reference bullying, sexual harassment, and gender discrimination. The search is limited to school board members and high school administrators for the following school years: 2022-2023 and 2023-2024.  All personal identifiers shall be removed.

**Request for Production Nos. 7 and 8.**  The School District's objections are sustained in part.  The District shall produce all non-privileged internal investigative reports involving bullying

3

or harassment at Owasso High School between January 1, 2022, and December 31, 2024.  All personal identifiers shall be removed.

**Request for Production Nos. 9, 10, and 12.**  The School District's objections are sustained.

**Interrogatory Nos. 1, 2, 3, 4, 5, 6, 7, 8.**  The School District's objections are sustained.

### Conclusion

The School District shall amend and supplement its discovery responses consistent with this Order.  In providing its supplemental discovery responses:

1. The School District may not refer to any pleading, deposition, or other discovery response in answering any discovery request.[3]

2. The School District is prohibited from making legal arguments, citing to cases, or using footnotes in any of its responses.

3. Except for claims of privilege, the School District is prohibited from asserting any additional objections.

4. Should the School District assert a privilege, it must comply with the requirements of Fed. R. Civ. P. 26(b) and Northern District of Oklahoma LCvR 26-5.  Failure to do so may result in the waiver of any claimed privilege.

5. All documents should be produced in accordance with the Protective Order entered on December 8, 2025.  (Docket No. 37).

---

[3] *See Orr v. Riederer*, No. 10-1303-CM, 2011 WL 13234419, at *7 (D. Kan. July 1, 2011) ("A party may not answer an interrogatory by generally referring to pleadings filed in a case, documents produced, depositions, or declarations.").

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel (Docket No. 43) is **GRANTED IN PART and DENIED IN PART**.  The School District shall produce its responses to Plaintiff **on or before April 30, 2026.**  Each party shall bear their own fees and expenses.

IT IS SO ORDERED this 8th day of April, 2026.

MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT